UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CitiMortgage, Inc.,                                    Civil No. 12-1516 (PJS/FLN)

        Plaintiff,

                                                    **REPORT &**
    v.                                                 **RECOMMENDATION**


Ronald Niewohner,
John Doe, Mary Roe,

        Defendants.

---

Christopher T. Kalla on behalf of CitiMortgage, Inc.
Ronald Niewohner, pro se.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 7, 2012 on Plaintiff's motion to remand to state court (ECF No. 5). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* ECF No. 10.

On May 7, 2012, Plaintiff CitiMortgage commenced an eviction action against Defendant Ronald Niewohner in state court. The summons in that case was served on Niewohner on May 18. On June 25, 2012, Niewohner removed the eviction action to federal court. The removal notice states that the Court has jurisdiction over the case under 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, in a civil cover sheet attached to the removal notice, Niewohner indicates that the parties are citizens of different states, which the Court construes as an allegation that jurisdiction exists under 28 U.S.C. § 1332. That statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

The Court recommends that the case be remanded to state court for lack of subject matter jurisdiction. The eviction action does not implicate a federal question, so the Court lacks jurisdiction under 28 U.S.C. § 1331. To the extent Niewohner alleges that diversity jurisdiction exists under 28 U.S.C. § 1332, a defendant who is a citizen of the state in which the action is brought may not remove the case to federal court on the basis of diversity jurisdiction alone. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").[1] Because the Court lacks subject-matter jurisdiction, the case must be remanded to state court.

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1.       Plaintiff's motion to remand to state court (ECF No. 5) should be **GRANTED**;

2.       The case should be **DISMISSED WITH PREJUDICE**;

3.       The Court should enter judgment accordingly.


DATED: September 13, 2012                          *s/ Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 27, 2012**, written objections

---

[1]       The Court also notes that the removal was untimely. *See* 18 U.S.C. § 1446(b)(1) (requiring a defendant to remove an action within 30 days after receipt of the complaint).

that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 27, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.